IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TIMOTHY L. ARLES, )
)
Plaintiff, )
)
v. ) Case No. CIV-09-471-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Timothy L. Arles (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 31, 1964 and was 44 years old at the time of the ALJ's decision. Claimant completed his education through the seventh grade. Claimant has not engaged in any past relevant work. Claimant alleges an inability to work beginning July 1, 2001, due to limitations resulting from bilateral carpal

tunnel syndrome, varus deformity of the left ankle, obesity, and glaucoma.

## Procedural History

On July 13, 2006, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On August 4, 2008, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On October 29, 2008, the ALJ issued an unfavorable decision on Claimant's application. On October 29, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to

4

make an appropriate determination at step five; (2) failing to engage in a proper credibility determination; and (3) failing to properly consider the effects of Claimant's obesity upon his impairments at step three of the sequential evaluation.

## Step Five Analysis

Claimant asserts the ALJ failed to include the Claimant's vision impairments in his RFC evaluation. A medical record dated September 22, 2006 notes that Claimant was diagnosed with glaucoma and was put on medication. The examining professional also found that "Fields abnormal. Worse possibly because of [reduced] vision." (Tr. 188). On October 12, 2006, Dr. Jimmie W. Taylor noted Claimant's visual acuity measured by the Graham field lighted chart was 20/25 in the right eye, 20/25 in the left eye, and 20/20 bilaterally, without glasses. (Tr. 151).

In his decision, the ALJ acknowledged Claimant's assertions of vision problems but also noted the medical records indicated above. He concluded that "[b]ased on the totality of the evidence, the Administrative Law Judge finds that the claimant's glaucoma is mild and treatable, and would have only a minimal affect (sic) on his ability to perform work-related activities." (Tr. 12).

Clearly, the ALJ properly considered Claimant's visual acuity in assessing his RFC. The question remaining is whether the

limitations were sufficient to be included in the hypothetical questioning of the vocational expert. An ALJ is not required to include limitations in his hypothetical questioning which are "not accepted by him as supported by the record." Bean v. Chater, 77 F.3d 1210, 1214 (10th Cir. 1995). The ALJ in this case determined Claimant's glaucoma did not significantly restrict his ability to engage in work-related activities and, therefore, his failure to include the condition in his hypothetical questioning was not error.

### Credibility Determination

Claimant next challenges the credibility evaluation and determination made by the ALJ. In his decision, the ALJ noted Claimant's complaints of hand swelling, cramping, and numbness. He noted his testimony that his knees pop and feet hurt, he experiences migraine headaches, he had constant pain in the neck, he cannot afford the drops for his glaucoma, and he has a "rupture" in his stomach. Claimant testified that he spends most of his day in a recliner with his legs elevated, watching television and smoking. (Tr. 13).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

Claimant's protestations to the contrary, the medical record supports the ALJ's determination as to Claimant's knee problems. His range of motion in his hips and knees was found to be intact, with crepitus upon flex and extension. (Tr. 183). While a comment is made in a medical record from Dr. Taylor dated October 18, 2006

7

of "generalized OA/DJD," no mention of this condition related to his knee is made. (Tr. 183). The ALJ, therefore, did not commit error in his evaluation of Claimant's knee condition.

Further, the ALJ noted Claimant's assertion that he could not afford to go to the doctor. Claimant contends the ALJ failed to take this fact into account in finding Claimant had not sought medical treatment since December of 2006. (Tr. 14). The record does not indicate Claimant "sought to obtain any low-cost medical treatment from [his] doctor or from clinics and hospitals" or that he had "been denied medical care because of [his] financial condition." Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir. 1992) cited with approval in Mann v. Astrue, 284 Fed. Appx. 567 (10th Cir. 2008) and Allen v. Apfel, 216 F.3d 1086 (10th Cir. 2000). This Court finds no error in the ALJ's evaluation of Claimant's assertions of poverty.

Taken as a whole, this Court specifically finds no error in the ALJ's credibility determination. The ALJ noted Claimant has not demonstrated a motivation to work, as evidenced by having had earnings in only two years since 1991. (Tr. 14). This finding is supported by the record.

### Claimant's Obesity

Claimant also contends the ALJ failed to adequately consider

8

his obesity in his findings at step three. An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments).

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id.

The ALJ recognized the evaluative obligation established in Soc. Sec. R. 02-01p in his decision. (Tr. 12). Admittedly, the ALJ did not specifically reference the impact Claimant's obesity may or may not have upon his impairments. However, the ALJ adequately discussed Claimant's musculoskeletal impairments and the

reasons for his ultimate findings with regard to his determination Claimant was not disabled. Other than speculating that Claimant's obesity exacerbated his other medical conditions, Claimant failed to meet his burden at step three to demonstrate obesity had any effect other than that recognized by the ALJ upon the disability determination. As recognized by the Tenth Circuit Court of Appeals, speculation upon the effect of obesity is discouraged.[2] See, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.). Upon review of the record, therefore, this Court finds the ALJ did not inadequately discuss the effects of obesity upon either the step three analysis or the RFC evaluation.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and

---

[2] "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 27th day of January, 2011.

_KIMBERLY E. WEST_
UNITED STATES MAGISTRATE JUDGE